UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Anthony Wayne Oliphant,<br>    *Plaintiff*,<br><br>    *v.*<br><br>Robert Villano, *et al*,<br>    *Defendants*. | Civil No. 3:09cv862 (JBA)<br><br>January 25, 2010 |

RULING ON MOTION FOR RECONSIDERATION

Plaintiff Anthony Wayne Oliphant, currently incarcerated at Northern Correctional Institution, filed a complaint *pro se* and moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Although his motion to proceed *in forma pauperis* was initially granted, when it came to the Court's attention that he has had four appeals to the Second Circuit dismissed as lacking any arguable basis either in law or fact, the ruling granting him leave to proceed *in forma pauperis* was vacated, and his motion was denied. Plaintiff now moves for reconsideration of the denial of his motion to proceed *in forma pauperis.*

I.   Discussion

The Court presumes the parties' familiarity with the facts underlying Mr. Oliphant's motion for leave to proceed *in forma pauperis.* In denying Mr. Oliphant's motion to proceed *in forma pauperis*, the Court cited 28 U.S.C. § 1915(g), under which

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court held that

> Because four appeals Mr. Oliphant brought while incarcerated have been dismissed as frivolous, he may not bring the present action without payment of the filing fee absent allegations of "imminent danger of serious physical injury.
>
> A thorough review of Mr. Oliphant's complaint reveals no such allegations. Plaintiff alleges in his complaint that he is "kept[] in his cell 23-hours per day, and 24-hours per day on weekends;" that he is illegally and arbitrarily allowed to be "stripped-searched;" that he has been falsely accused of disciplinary violations by corrections officers; and that he is held in "isolation." (Compl. ¶¶ 118–29.) Even if these circumstances were to give rise to liability under the Eighth Amendment, they do not demonstrate an imminent danger of serious physical injury. Therefore, he is precluded from filing suit *in forma pauperis.*

(Order [Doc. # 14] at 2.) Mr. Oliphant moves for reconsideration, arguing that the four appeals were in matters initiated while he was not incarcerated and that the conditions of his confinement present an imminent danger of serious physical injury.

The standard for a motion for reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice,'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 4478), and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," *Shrader*, 70 F.3d at 257.

Mr. Oliphant points to the fact that the four appeals to the Second Circuit were all

in matters that he initiated while not incarcerated. (Mot. Reconsid. [Doc. # 15. at 2.) However, Section 1915(g) precludes *in forma pauperis* status for those prisoners who have brought or *appealed* three or more actions while incarcerated that were dismissed as frivolous. The four appeals brought by Mr. Oliphant, which were dismissed as frivolous by the Second Circuit, were brought while he was incarcerated, regardless of whether the underlying cases were commenced while he was at liberty. *See Oliphant v. Meriden Soc. Serv. Dep't*, No. 97-9303 (2d Cir. May 25, 2000); *Oliphant v. St. Vincent DePaul Soc'y, Second Step Program*, No. 98-7200 (2d Cir. May 24, 2000); *Oliphant v. City of Meriden Police Dep't*, No. 00-0340 (2d Cir. May 22, 2001); *Oliphant v. Wezner*, No. 05-2695 (2d Cir. July 25, 2006).

Plaintiff claims that he faces imminent risk of serious physical injury, but only re-alleges conditions of confinement he challenges in his complaint, which do not demonstrate imminent danger of physical injury, including isolation for 23 hours a day; limited telephone access; a half-hour social visit per week; visits only from immediate family members; no television access; being handcuffed and shackled when outside his cell; eating his meals in his cell; no access to mail; legal mail confiscated and read; and arbitrary enforcement of Department Corrections policy and rules. Mr. Oliphant further alleges that corrections officers allow inmates to physically retaliate against others, but he does not allege specific facts showing that such a threat to him is imminent. He also emphasizes that he has been denied mental-health treatment for his post-traumatic stress disorder.[1]

---

[1] Although it may well impact an inmate's mental health, the denial of treatment for post-traumatic stress disorder does not constitute a imminent risk of serious *physical* injury. *See, e.g.*, *Lewis v. Sullivan*, 279 F.3d 526, 529–31 (7th Cir. 2002) (denial of mental health treatment to treat post-traumatic stress disorder does not give rise to imminent risk of serious physical injury, and "psychiatric care has never been seen as a fundamental right").

Thus, Mr. Oliphant has failed to point to an intervening change in controlling law, new evidence, or clear error or manifest injustice justifying reconsideration.[2]

II.     Conclusion

Accordingly, Mr. Oliphant's Motion for Reconsideration [Doc. # 15] is DENIED. The deadline for Mr. Oliphant to tender the required filing fee in this action is February 8, 2010.  Failure to tender the filing fee by that date will result in dismissal of this action.

IT IS SO ORDERED.

_/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 25th day of January, 2010.

---

[2] Of note, while Mr. Oliphant may not proceed *in forma pauperis*, "Section 1915(g) does not change the merits of [his] underlying action." *Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000).