UNITED STATES DISTRICT Court
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Anthony Oliphant,<br>    *Plaintiff*,<br><br>    *v.*<br><br>Robert Villano, et al.,<br>    *Defendants*. | Civil No. 3:09cv862 (JBA)<br><br><br><br>November 23, 2010 |

RULING ON PENDING MOTIONS

Plaintiff Anthony Wayne Oliphant, currently incarcerated at Northern Correctional Institution ("NCI"), filed suit *pro se* against New Haven police officers, Hamden police officers, and State of Connecticut Department of Corrections personnel, under the Fourth, Eighth, and Fourteenth Amendments, pursuant to 42 U.S.C.§ 1983. Pending before the Court are Plaintiff's motions for injunctive relief, for reconsideration, to compel discovery, and for default. Defendants move for disclosure of records and for extensions of time to answer Plaintiff's Complaint and produce discovery.

I.  Motion for Reconsideration and Hearing [Doc. # 25]
    Objections to Initial Review Order [Doc. # 22]

Plaintiff has filed objections to portions of the Court's Initial Review Order and Order on Pending Motions [Doc. # 17] and a motion seeking reconsideration of those orders. The standard for granting a motion for reconsideration is strict. *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

Plaintiff first objects to the Court's ruling on his motion to amend the complaint. He claims that the Court overlooked the fact that he intended to add Lieutenant Frank McDermott of the Hamden Police Department as a defendant. However, Plaintiff's motion to amend identified only two individuals that he sought to add as defendants, neither of whom was Lieutenant McDermott. Accordingly, the Plaintiff has failed to point out any facts the Court overlooked in ruling on the motion to amend.

To the extent that the motion for reconsideration could be construed as a motion to amend to add Lieutenant McDermott as a defendant, the request is denied. The only allegations against Lieutenant McDermott are that on October 3, 2006, he called Plaintiff and requested that Plaintiff bring his citizen complaint to the police station in person, but Plaintiff chose to mail the complaint to Lieutenant McDermott instead. Plaintiff has not alleged that Lieutenant McDermott violated his federally or constitutionally protected rights. Thus, he has failed to state a claim against Lieutenant McDermott, and adding McDermott as a defendant would be futile. *See Patane v. Clark*, 508 F.3d 106, 113 n. 6 (2d Cir. 2007) ("A district court may properly deny a motion to amend when it finds that amendment would be futile." (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

Plaintiff also objects to the Court's denial without prejudice of his motion for appointment of counsel and the denial of his motion for temporary restraining order. Plaintiff has failed to point to any facts or law that the Court overlooked in denying these motions. The order denying both motions will remain unchanged.

Plaintiff objects to and disagrees with the Initial Review Order to the extent that the Court dismissed any of the claims in the Complaint. Plaintiff has not, however, pointed to facts that the Court overlooked. Plaintiff generally argues that the claims against Defendants

should not have been dismissed because of Defendants' involvement in the "chain conspiracy." To state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Id.* at 292 F.3d at 325 (internal quotations and citation omitted).

Plaintiff's conspiracy allegations against Defendants are conclusory and vague and do not contain facts supporting a plausible inference that an agreement existed among Defendants or that they acted together to violate his constitutional rights. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564–69 (2007). The Initial Review Order and Order on Pending Motions remain in effect in all respects, and Plaintiff's objections to the Order are overruled. Additionally, the Court concludes that it will be unnecessary to schedule a hearing on the motion for reconsideration.

II. Motion for Enforcement of Orders [Doc. # 33]

Because Plaintiff paid the filing fee in this action, the Court issued an order directing the Clerk to contact the Department of Correction to request that any funds that had already been collected towards payment of the filing fee be returned to plaintiff's inmate account. (*See* Order Denying Leave to Proceed *In Forma Pauperis*, Doc. # 14.) Plaintiff claims that the funds have not been returned to his account. On May 20, 2010, the Department of Correction confirmed that any funds collected towards the filing fee would be returned to

3

plaintiff's inmate account. Accordingly, assuming that the funds have now been returned as represented, the motion to enforce Court order is denied as moot.

III.     Motion to Disclose Records [Doc. # 43]

The Hamden Police Defendants move for an order of disclosure of all police records and records of the Connecticut State's Attorney pertaining to the arrest of plaintiff in 2006 and his prosecution pursuant to that arrest. Defendants filed this motion pursuant to Connecticut General Statutes 54-142(f)(1), which provides

> (a) Whenever in any criminal case, on or after October 1, 1969, the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and Court records and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken, or upon final determination of the appeal sustaining a finding of not guilty or a dismissal, if an appeal is taken. . . .
>
> (f) Upon motion properly brought, the Court or a judge thereof, if such Court is not in session, may order disclosure of such records (1) to a defendant in an action for false arrest arising out of the proceedings so erased . . . .

Conn. Gen. Stat. §§ 54-142a(a) and (f).

Defendants do not indicate how this Connecticut statute provides the federal district Court with authority to order the disclosure of these records. Nor do Defendants explain why they cannot move for disclosure of these records pursuant to this statute in Plaintiff's criminal case. *See Mann v. Bartolotta, et al.*, Civ. No. 3:08cv1834 (PCD) (Mot. Dismiss, Ex. B. filed March 26, 2009); *State v. Weber*, 49 Conn. Supp. 530 (Conn. Super. Ct. Dec. 2, 2004). Accordingly, the motion for disclosure is denied.

4

IV.     Motion for Copy of Motion to Disclose [Doc. # 47]

Plaintiff seeks a copy of Defendants' Motion to Disclose Records [Doc. # 43] "without metal–bindings, for security reasons, while plaintiff continues to be illegally held in Northern Correctional Institution." The Motion for Disclosure in the Court file is stapled and has no "metal bindings." Because Plaintiff paid the filing fee in this action, he is not entitled to free copies of documents. If Plaintiff seeks another copy of the motion for disclosure, he may submit a request for a copy of the motion in writing to the United States District Court, Office of the Clerk, 141 Church Street, New Haven, Connecticut, 06510, accompanied by cash, a money order or a bank check made payable to the Clerk of Court in the amount of $4.50 to cover the cost of copying the motion. Therefore, Plaintiff's motion to disclose records without metal bindings is denied without prejudice.

V.      Motions for Extension of Time [Doc. ## 48, 49, 55]
        Motions for Default [Doc. ## 52, 53]

The Hamden Police Defendants and the Department of Correction Defendants moved for extensions of time to file responses to the complaint. The New Haven Police Defendants moved for an extension of time until June 4, 2010 to file a response to the Complaint. Those motions are granted *nunc pro tunc*. The New Haven and Hamden Police Defendants as well as the Department of Correction Defendants have now filed answers to the Complaint.

Plaintiff moves for default entry against Department of Correction and New Haven Police Defendants for failure to plead, but because these Defendants have responded to the Complaint, Plaintiff's motions for default are denied.

VI.     Motions for Extension of Time [Doc. ## 66, 73, 74,]

Department of Correction Defendants move for an extension of time until July 16, 2010, to file a response to Plaintiff's motion for injunctive relief [Doc. # 58]. The motion is granted *nunc pro tunc* over Plaintiff's objection.

Hamden Police Defendants seek an extension of time until August 17, 2010, to respond to Plaintiff's June 17, 2010 request for production of documents. The motion is granted *nunc pro tunc.*

New Haven Police Defendants seek an extension of time until August 20, 2010, to respond toPplaintiff's June 17, 2010 request for production of documents. The motion is granted *nunc pro tunc.*

VII.    Motions to Compel, for Sanctions and to Stay [Doc. ## 46, 84]

Plaintiff moves under Federal Rules of Civil Procedure 34 and 37 to compel the Department of Correction Defendants to respond to his March 4, 2010[1] and June 17, 2010[2] discovery requests.  Local Rule of Civil Procedure 37(a) provides that

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully

---

[1] On March 4, 2010, Plaintiff served discovery requests on Hamden Town Attorney Susan Gruen seeking information as to the names of the John and Jane Doe police officers listed as defendants in the complaint.  Plaintiff claims that counsel has not responded to his requests.  Attorney Kerry L. Keeney–Curtin, represents the Hamden Police Defendants, not Hamden Town Attorney Susan Gruen.  At some point, Attorney Gruen forwarded the requests to Attorney Keeney–Curtin.  On May 13, 2010, Attorney Keeney–Curtin served Plaintiff with the Hamden Police Defendants' responses to the March 2010 discovery requests.  Additionally, Plaintiff asserts that on March 4, 2010, he served Attorney General Richard Blumenthal with a discovery request seeking the names of the unidentified correctional officers who were referenced in paragraph 89 of the Complaint, yet Blumenthal is not a party in this case, and interrogatories and requests for production of documents must be served on a party to the action.  *See* Federal Rules of Civil Procedure 33(a)(1) and 34(a).

[2]  Plaintiff asserts that Department of Corrections Defendants' objections to the June 17, 2010 discovery requests were untimely and thus inoperative.  Rule 34(b)(2)(A) requires that "[t]he party to whom the request [for discovery] is directed must respond in writing 30 days after being served." The failure to respond or object to a discovery request in a timely manner waives any objection that may have been available. *See, e.g.*, *Land Ocean Logistics, Inc. v. Agua Gulf Corp.*, 181 F.R.D. 229, 236 (W.D.N.Y. 1998).  Counsel for the Department of Correction Defendants states that she received the document request on June 17, 2010 and that she mailed her responses and objections to plaintiff on July 19, 2010, the 32nd day after the request was served on counsel by plaintiff.  Although "[a] party's failure to respond to discovery demands within the required time frame may . . . be excused by the Court for good cause," *see Melendez v. Geiner*, No. 01 Civ. 07888 SAS DF, 2003 WL 22434101, * 2 (S.D.N.Y. Oct. 23, 2003), Department of Corrections Defendants have provided no explanation for their delay, and their objections are waived as untimely.

7

> resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

Plaintiff has neither provided an affidavit certifying his good faith efforts to resolve discovery disputes with Defendants, nor has he stated in his memoranda that he engaged in such efforts. Therefore, his motions to compel will be denied without prejudice until he can demonstrate that he has attempted in good faith to resolve discovery disputes with Defendants.

Nonetheless, counsel for Department of Correction Defendants represents to the Court that she is aware of the names of the three correctional officers referenced in paragraph 89 of the Complaint, which Plaintiff seeks in his motion. In the interests of moving this case forward, the Court directs current counsel for the Department of Corrections Defendants to notify the Plaintiff by letter of the names of the three correctional officers within ten days of the Court lifting the stay in this action. No later than twenty days thereafter, Plaintiff shall move to substitute the names of the three correctional officers for Department of Corrections John Doe Defendants.

VIII. Motions to Compel [Doc. ## 87, 91]

Plaintiff also claims that on June 17, 2010, he served a request for production of documents on counsel for the New Haven Police Defendants and a separate request for production of documents on counsel for the Hamden Police Defendants. He asserts that counsel for the New Haven Police Defendants did not respond to the request until August

8

10, 2010 and counsel for the Hamden Police Defendants did not respond to the request until August 16, 2010. Plaintiff contends that the New Haven and Hamden Police Defendants have waived their objections to his request for documents because the objections were not served on him in a timely manner.

As indicated above, a party must respond to a production request within thirty days of the date the request was served on it. *See* Fed. R. Civ. P. 34(b)(2). Counsel for Hamden and New Haven Police Defendants sought extensions of time to respond to the June 2010 document requests. Because the Court has granted both motions for extension of time to respond to the June 2010 production requests, until August 17, 2010 for the Hamden Defendants and August 20, 2010 for the New Haven Defendants, the objections to those requests are not untimely if served by the extended deadline.

Plaintiff also argues that Defendants' objections to his discovery requests are without merit, and he seeks an order compelling New Haven Police Defendants to respond to all requests. Plaintiff asserts that he attempted to contact counsel for New Haven Police Defendants on August 13, 2010, regarding the responses to the production request, but an assistant to Attorney Wolak informed Plaintiff that Attorney Wolak was on vacation for two weeks. Plaintiff made no further attempts to contact Attorney Wolak before filing the motion to compel. Plaintiff concedes that he made no attempt to contact counsel for the Hamden Police Defendants because it would have taken too long to schedule a legal call. Plaintiff apparently did not attempt correspondence with Defendants' counsel either. If Plaintiff's bona fide efforts to communicate with Defendants' counsel, by whatever means, are unsuccessful because of prison restrictions, his affidavit may detail his efforts. Thus, Plaintiff failed to make a good faith effort to resolve these discovery disputes with New

9

Haven Police and Hamden Police Defendants prior to filing motions to compel. Therefore, Plaintiff's motions to compel discovery from Hamden and New Haven Police Defendants will be denied without prejudice.

IX. Motion for Modification of Scheduling Order [Doc. # 79]

Plaintiff seeks a modification of the discovery deadline included in the Court's Initial Review Order because the Court has not ruled on his motion for reconsideration of the Initial Review Order. Because this case has been stayed, Plaintiff's motion will be granted, and the discovery deadline will be extended, as will be set forth in a Revised Scheduling Order to be established at the status conference scheduled for the date the stay expires.

X. Motion to be Monitored by Court [Doc. # 19]
   Motion for Reconsideration [Doc. # 30]

In one motion, filed February 23, 2010, [Doc. # 19], Plaintiff sought both an extension of time to move for reconsideration of the Initial Review Order, which the Court granted, and to be monitored by the Court, which remained under advisement. Plaintiff moved for reconsideration of the Court's order granting an extension of time, again seeking Court monitoring of his confinement.

Plaintiff requests that the Court monitor the Department of Corrections Defendants to ensure that they do not retaliate or interfere with his access to Courts. Attached to the motion is an Inmate Request Form dated September 3, 2009 from Plaintiff to Warden Quiros of Northern Correctional Institution, which includes complaints by Plaintiff that correctional officers had denied him access to legal phone calls and ink pens in a timely manner and that officers had issued him false disciplinary reports. The form also includes a response by Warden Quiros dated September 8, 2009, in which Warden Quiros informed

Plaintiff that two correctional officers would ensure that he could place legal telephone calls and that Plaintiff could contact Captain Little regarding his requests for pens. Additionally, Quiros notified Plaintiff that he could plead not guilty to the allegedly false disciplinary charges and administratively appeal any guilty findings.

Plaintiff alleges that Correctional Officer Mumin returned correspondence to him that he attempted to mail to an attorney on February 17, 2010. Plaintiff also claims that Correctional Officer Mumin issued him a false disciplinary report on February 22, 2010 for interfering with safety and security. Plaintiff also asserts that on February 22, 2010, Mumin returned a letter that he had attempted to mail to an attorney on February 17, 2010 because it required additional postage. When he attempted to give the letter back to Mumin for mailing that same day, Mumin allegedly walked away from Plaintiff's cell. Plaintiff notes, however, that later that day, a correctional counselor resolved the issue and mailed his correspondence. Plaintiff also alleges that on February 22, 2010, Mumin issued him a false disciplinary report for interfering with safety and security. On March 3, 2010, Plaintiff participated in a hearing on this disciplinary charge and provided evidence in response to the charge, but the disciplinary hearing officer found Plaintiff guilty. Plaintiff does not allege that the hearing officer sanctioned him in any way or that he appealed the guilty finding.

The fact that Officer Mumin is a defendant in this action does not make the alleged conduct that occurred in February and March 2010, more than five months after Plaintiff had submitted an Inmate Request to Warden Quiros, retaliatory. Nor has Plaintiff alleged that the actions of Officer Mumin interfered with or prejudiced any legal action that was pending at that time. Although his correspondence to an attorney was allegedly returned to him by Officer Mumin at some point after he attempted to mail it on February 17, 2010,

11

Plaintiff does not allege that Officer Mumin or any other officer prevented him from attempting to re-mail his correspondence or contact the attorney by telephone. Accordingly, Plaintiff's motion seeking Court monitoring is denied.

XII. Motion for Relief from Vicarious Retaliation and
Renewed Motion for Appointment of Counsel [Doc. # 26]

Plaintiff seeks an order directing Department of Corrections Defendants to transfer him from the administrative segregation program at Northern Correctional Institution because correctional employees are retaliating against him and interfering with his legal activities. The Court construes this motion as a request for preliminary injunctive relief. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." *Brewer v. West Irondequoit Central Sch. Dist.*, 212 F.3d 738, 743–44 (2d Cir. 2000).

Although a showing that irreparable injury will be suffered before a decision on the merits is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition that must be demonstrated. *See Citibank, N.A. v. Citytrust*, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, a plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" *Forest City Daly Housing, Inc.*

*v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (quoting *Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir. 1998)).[3]

Plaintiff asserts that on two days during February 2010, Captain Little and Lieutenant Pafumi harassed him about covering the window in his cell. On one occasion in February 2010, Correctional Officer Molina harassed him for failing to turn on the light in his cell during breakfast. On February 19, 2010, Debbie Ward refused to speak to Plaintiff about his mental health issues. Plaintiff claims that Lieutenant Germond did not deliver a copy of the Court's Initial Review Order to him until February 23, 2010 and that he could not respond to the order immediately because he was on in–cell restraint status at the time.

The Court must have *in personam* jurisdiction over a person before it can validly enter an injunction against him or her. *See* Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction . . . is binding only upon the parties to the action"); *Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A Court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."). None of these correctional employees are named as defendants in the Complaint. Thus, the Court lacks jurisdiction to enjoin their actions.

---

[3] While a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases. *See Drywall Tapers & Pointers Local 1974 v. Local 530*, 954 F.2d 69, 72 (2d Cir. 1992). Where, as here, "the record before the district Court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed.1995). In this case, the Court finds that oral testimony and argument is not necessary.

Plaintiff includes several allegations against Correctional Officer Mumin, discussed above, but concedes that those issues were largely resolved, that his legal correspondence was mailed, that he was given a disciplinary hearing on Mumin's report against him, that he was given flexible ink pens, and that he was given the opportunity to make legal calls. The Court concludes that none of these allegations evince retaliation by Mumin or show that Plaintiff would suffer imminent harm that if his request for injunctive relief is not granted. The motion for relief from retaliation, punishment and interference with legal activities is denied in all respects.

Plaintiff also renews his request that *pro bono* counsel be appointed to represent him, on the grounds that not only is he indigent, but correctional officers are limiting his access to legal services. He contends that he has no access to available legal service or referral organizations and is only permitted two outgoing legal calls per month. He also asserts that correctional officers are not delivering his legal mail or making photocopies of legal documents in a timely manner and will only provide him with a flexible ink pen, which he says is difficult to use.[4] Plaintiff also claims that the Inmates' Legal Assistance Program denied him assistance in November 2006.

However, Plaintiff has failed to demonstrate that he has made any *recent* attempts to obtain legal representation. He has only provided a letter from the Inmates' Legal Assistance Program dated November 30, 2006 [Doc. # 4–2] informing him that it does not

---

[4] With regard to Plaintiff's claim that he is indigent, he has not submitted any evidence of his current financial status, and he had sufficient funds to pay the $350.00 filing fee in this action. Despite Plaintiff's claims that flexible ink pens are difficult to use and that correctional officers have denied him timely copies of legal documents, delivery of legal mail and telephone calls, he has filed numerous motions, and the Clerk's Office staff report that Plaintiff has made many calls to the Court regarding this case.

provide legal assistance in criminal matters and only provides legal assistance in civil cases involving conditions of confinement. He has provided no information of recent efforts to retain legal representation for this complaint, and therefore, his motion is denied. Any renewed motion for appointment of counsel shall be accompanied by a summary of Oliphant's attempts to secure the assistance of counsel and the reasons why assistance or representation was unavailable.[5]

XII. Motion for Relief from Retaliation and
Renewed Motion for Appointment of Counsel [Doc. # 34]

Plaintiff seeks to supplement the allegations in the Motion for Relief from Vicarious and Direct Retaliation [Doc. # 26] addressed above. Plaintiff now asserts that on March 3, 2010, Warden Quiros denied his request to use the law library located in the unit housing death row inmates and directed him to contact the Inmates' Legal Assistance Program. Plaintiff claims that on March 15, 2010, he received notification from the Connecticut Appellate Court that he needed to file a brief in a state court matter by April 26, 2010, and on March 18, 2010, Mumin denied his request to call a clerk in the Connecticut Appellate Court. Additionally, on March 19, 2010, Correctional Officer Brace allegedly failed to get the proper size handcuffs to enable Plaintiff to go to recreation. Plaintiff complained about this incident to Warden Quiros, who allegedly did not respond. Plaintiff also alleges that the Office of Pardons and Paroles has never considered him for parole even though he was convicted of a non–violent offense.

---

[5] The Court notes that the Clerk has previously mailed plaintiff a copy of the Civil Pro Bono Panel Public List. Plaintiff may use this list to attempt to find counsel to represent him in this action.

As discussed above, neither Warden Quiros nor Correctional Officer Brace is a defendant in this action, and the Court therefore lacks jurisdiction to enjoin their actions. Furthermore, the allegations regarding the deprivation of recreation for one day, the denial of access to the law library and to the Connecticut Appellate Court, the revocation of probation and the failure of Connecticut officials to consider him for parole are not related to claims in Plaintiff's Complaint filed in this action. Because Plaintiff's allegations and requests for relief are unrelated to the claims in the Complaint, the request for injunctive relief as to those claims is inappropriate. *See De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"). Accordingly, the supplemental motion for injunctive relief is denied.

Although the title of the motion includes a renewed request for appointment of counsel, Plaintiff does not address this request in the body of the motion. Because Plaintiff has failed to include any basis on which to appoint him *pro bono* counsel, the request for counsel is denied.

XIII.  Motion for Remedy and Relief [Doc. # 35]

Plaintiff again complains that Correctional Department employees at Northern, who are not defendants in this action, failed to listen to his complaints about Mumin's refusal to provide him with flexible ink pens and schedule timely legal telephone calls. Plaintiff also claims that Mumin returned legal correspondence to him on March 23, 2010 in violation of Regulations of Connecticut State Agencies §§ 18-81-34 and 18-81-35. He contends that privileged legal correspondence is supposed to be placed in special mailboxes in the prison

16

for mailing. Neither the Regulations of Connecticut State Agencies cited by Plaintiff nor the State of Connecticut Department of Correction Administrative Directives governing Inmate Communications 10.7 require that privileged correspondence mailed to a Court or attorney be placed in a special mailbox in the prison. *See* Conn. Agencies Regs. §§ 18-8134 and 8-81-35; Administrative Directive 10.7, Sections 3(F) and (J) and 4(J), http://www.doc.gov/doc/LIB/doc/PDF/AD/ad1007. Rather, only privileged correspondence addressed to Department of Correction officials need be placed in a special mailbox for unfranked privileged correspondence.

The Court cannot enjoin the actions of non–defendants, and the claims against Mumin are not related to Plaintiff's Complaint. Therefore, Plaintiff's motion for remedy and relief is denied.

XIV. Motion for Defendants to Desist [Doc. # 45]

Plaintiff claims that on one occasion in March 2010 and on one occasion in April 2010, Correctional Officers Brace, DePaschio and Pagan attempted to enforce a new un–written policy of requiring him to submit to a strip–search without cause prior to going to recreation. He alleges that he informed Warden Quiros of this conduct, but Warden Quiros failed to address the strip–search policy. Plaintiff seeks injunctive relief preventing enforcement of this "unwritten policy."

Again, neither Warden Quiros nor Correctional Officers Brace, DePaschio, and Pagan are defendants in this action. Thus, the Court cannot enjoin their actions. Additionally, although Plaintiff's Complaint includes a claim that prior to June 1, 2009, prison staff at Northern subjected him to random strip–searches, Plaintiff's claim in this motion relates to a new policy regarding strip–searches and is therefore not related to the

claim in the Complaint. The motion for an order to stop the new strip–search policy is accordingly denied.

XV.     Motion for Declaratory Relief [Doc. # 72]

Although Plaintiff titled his motion as a request for a declaratory judgment, he again seeks injunctive relief. He claims that on two occasions in June 2010, Defendants failed to timely mail legal correspondence addressed to attorneys who represent Defendants in this case as well as to an attorney representing a respondent in a habeas matter. Plaintiff contends that on each occasion, Defendants returned the legal correspondence to him with a notification regarding the postage necessary to mail each envelope. He asks the Court to order Defendants to stop withholding his legal correspondence and requiring him to pay postage to mail it. Yet Plaintiff does not allege that he had insufficient funds in his inmate account to mail the June 2010 legal correspondence. Nor does he allege that the correspondence that was initially held for additional postage on June 17 and June 22, 2010 did not reach the intended recipients. In fact, it is clear from the docket that in mid–June 2010, Plaintiff did mail a request for production of documents to counsel for the New Haven Defendants as well as to counsel for the Hamden Defendants and counsel for the Connecticut Defendants. (*See* Motions to Compel, [Doc. ## 84, 87, 91].)

It is well settled that inmates have a First Amendment right of access to the Courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) *(modified on other grounds by Lewis v. Casey*, 518 U.S. 343, 350 (1996)). To establish an actual injury, the plaintiff must show that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the Courts. *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 2002)). Plaintiff has not

18

asserted facts to demonstrate that he has suffered actual injury or prejudice as a result of the untimely mailing of his June 2010 legal correspondence. Thus, he is not entitled to injunctive relief. Accordingly, the motion for declaratory relief that the Court has construed as a motion for injunctive relief is denied.

Conclusion

The Motion for Reconsideration and Hearing [Doc. # 25] is DENIED, and Plaintiff's Objections [Doc. # 22] to the Order are OVERRULED.

Hamden Police Defendants' Motion to Disclose Records [Doc. # 43] is DENIED. The Motions for Extension of Time [Doc. ## 48, 49, 55] to respond to the Complaint filed by Hamden Police Defendants, New Haven Police Defendants and the Department of Correction Defendants are GRANTED *nunc pro tunc.* The Motions for Default [Docs. ## 52, 53] are DENIED. The Motions for Extension of Time [Doc. ## 73, 74] filed by Hamden and New Haven Police Defendants to respond to the July 16, 2010 requests for production are GRANTED *nunc pro tunc.* The Motion for Extension of Time [Doc. # 66] filed by the Department of Correction Defendants to respond to the motion for injunctive relief is GRANTED over Plaintiff's objection. The Motion for Enforcement of Orders [Doc. # 33] is DENIED as moot. Plaintiff's Motion for Modification of Scheduling Order [Doc. # 79] is GRANTED. Plaintiff's Motions to Compel, for Sanctions and to Stay [Docs. ## 46, 84, 87, 91] are DENIED without prejudice. Plaintiff's Motion for Copy of Motion to Disclose [Doc. # 47] and Motion to be Monitored by Court [Doc. # 19] are DENIED. The Motion for Reconsideration [Doc. # 30] of the Court's March 8, 2010 Order is DENIED as moot. The Motion for Relief from Vicarious Retaliation and Renewed Motion for Appointment of Counsel [Doc. # 26] is DENIED in all respects as to the motion for

retaliation and DENIED without prejudice as to the renewed request for appointment of counsel.  The Supplemental Motion for Relief from Retaliation and Renewed Motion for Appointment of Counsel [Doc. # 34] is DENIED.  The Motion for Remedy and Relief and to Stay the Action [Doc. # 35], the Motion for Defendants to Desist [Doc. # 45] and the Motion for Declaratory Judgment [Doc. # 72] are DENIED.

Within ten days of the date of the stay being lifted, counsel for the Department of Correction Defendants shall send a letter to Plaintiff including the names of the three correctional officers referenced in paragraph 89 of the Complaint.  No more than twenty days thereafter, Plaintiff shall file a motion to substitute the names of three Department of Corrections Defendants for John Doe Defendants.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 23d day of November, 2010.