UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Anthony Oliphant,<br>    *Plaintiff,*<br><br>    *v.*<br><br>Robert Villano, et al.,<br>    *Defendants.* | Civil No. 3:09cv862 (JBA)<br><br><br><br>December 3, 2010 |

RULING ON PENDING MOTIONS

Pending before the Court are Plaintiff Anthony Oliphant's motion for injunctive relief, his motion for a status conference, his motion for ruling on pending motions, Plaintiff's sister's motion for leave to file an amicus curiae brief, and her motion for leave to file a reply in support of that motion.

I.   Motion for Preliminary Injunction and Temporary Restraining Order [Doc. # 58]

Plaintiff, incarcerated at Northern Correctional Institution ("NCI"), moves for injunctive relief to prevent Department of Corrections staff from forcing him to take psychoactive medication without his consent.

A.   Background

On May 5, 2010, Plaintiff met with Dr. Mark Frayne, an NCI Staff Psychologist; Dr. Gagne, an NCI Staff Psychiatrist; and Registered Nurse Delores Walker. During that meeting, Frayne and Gagne recommended that Plaintiff take psychiatric medication to enable him to complete the Administrative Segregation Program at NCI and be transferred to another prison facility.

Later that day, Plaintiff received a notice that a Mental Health Board hearing would take place on May 7, 2010 at which Frayne, Ducate, and Walker would discuss whether he

would be placed on psychoactive medication. At the hearing, Plaintiff asked both Walker and Ducate questions, but did not agree to take medication. At the conclusion of the hearing, a decision was made to prescribe psychoactive medication for Plaintiff by mouth to be administered for 120 days. If Plaintiff refused to take the medication by mouth, the medication was to be administered by injection.

During the morning of May 10, 2010, Plaintiff refused to take the psychoactive medication by mouth. Later that day, Nurse Walker asked a lieutenant to escort Plaintiff to the medical unit. Because Plaintiff would not take the psychoactive medication by mouth, a physician gave Plaintiff an injection of the medication against his will. Plaintiff remained in the medical unit for four days. On May 14, 2010, Frayne released Plaintiff to Phase 2 of the Administrative Segregation program at NCI.

Plaintiff states that medical staff have ignored his requests to be taken off of the psychoactive medications. He claims that the named medical, mental health, and custodial prison staff engaged in these actions in retaliation for his legal activities, specifically for filing motions for default against New Haven Police and Connecticut Department of Correction Defendants. The Plaintiff asks the Court to direct Frayne, Ducate, and Gagne to discontinue the order for involuntary psychoactive medication.

  B. Discussion

In this circuit the standard for injunctive relief is well established. Where a party seeks to enjoin government action "taken in the public interest pursuant to a statutory or regulatory scheme . . . the moving party . . . is required to demonstrate irreparable harm and a likelihood of success on the merits." *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (internal quotations omitted).

While a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases. *See Drywall Tapers & Pointers Local 1974 v. Local 530*, 954 F.2d 69, 72 (2d Cir. 1992). Where, as here, "the record before the district Court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." *Jarecke v. Hensley*, 552 F. Supp. 2d 261, 264 (D. Conn. 2008) (quoting 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed.1995)). In this case, the Court finds that oral testimony and argument are not necessary.

None of the prison staff or psychiatrists mentioned in the motion for preliminary injunction and temporary restraining order are defendants in this action. The Court must have *in personam* jurisdiction over a person before it can validly enter an injunction against him or her. *See Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999); Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction . . . is binding only upon the parties to the action"). Thus, the Court lacks jurisdiction to enjoin the conduct of prison mental health, medical and correctional staff who are not defendants in this action.

Additionally, the injunctive relief Plaintiff seeks is unrelated to what he alleged in his Amended Complaint, and to prevail on a motion for injunctive relief, the moving party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *See Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *see also De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as

3

that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit."). Because Plaintiff's claims that medical staff at NCI prescribed him medication in May 2010 against his will are new claims, unrelated to those in the Amended Complaint, the request for injunctive relief as to those claims is inappropriate.

Plaintiff also claims that the mental health hearing was retaliation for his April 27, 2010 motions for default entry against the Department of Correction and New Haven Police Defendants. His retaliation claim is conclusory and unsupported by the facts. There is no evidence in the record even suggestive of an inference that any of the defendants against whom Plaintiff moved for default entry were involved in the decision to recommend psychoactive medication or to schedule Plaintiff's mental–health hearing on May 7, 2010, let alone that such decisions were motivated by Plaintiff's motions for default entry. To the contrary, Plaintiff describes in his motion for injunctive relief a mental–health diagnostic relationship with Dr. Frayne dating back to January 2007.

For the aforementioned reasons, Plaintiff's motion for injunctive relief is denied. Pursuit of these claims related to his mental health treatment will require a separate action.[1]

---

[1] Plaintiff has been in contact with the State of Connecticut Office of Protection and Advocacy for Persons With Disabilities ("OPA") concerning his mental health issues. (*See* Jan. 5, 2010 Letter from Wiley Rutledge, Ex. C to Mot. Rul. [Doc. # 75].) In response to Plaintiff's requests, the OPA has offered to assist him in addressing his mental health treatment at NCI and informed him that it is available to advocate on his behalf for necessary mental health treatment while he is incarcerated. (*See id.*, Letter from Wiley Rutledge.)

II.     Motion for Leave to File *Amicus Curiae* Brief [Doc. # 80]
        Motion for Leave to Reply [Doc. # 95]

Plaintiff's sister Vorcelia Oliphant moves for leave to file a brief, provide evidence, appear, and make oral argument in support of Plaintiff's motion for preliminary injunction and temporary restraining order. Because Plaintiff's motion for injunctive relief is denied, his sister's motion for leave to file an *amicus curiae* brief, and her motion for leave to reply to Defendants' objection thereto, is denied as moot. By copy of this ruling, Ms. Oliphant will be informed of OPA's offer of assistance to her brother with regard to his mental–health treatment.

III.    Motion for Status Conference [Doc. # 70]
        Motion for Ruling on Pending Motions [Doc. # 75]

Plaintiff moves for a status conference to address his motions for injunctive relief and for a ruling on pending motions. As the Court has ruled on all pending motions, Plaintiff's motion for a ruling on pending motions is denied as moot. His motion for a telephonic status conference is granted, and the conference will be held on December 17, 2010 at 10:00 a.m.

IV.     Conclusion

Accordingly, Plaintiff's Motion for Preliminary Injunction [Doc. # 58] is DENIED, and his Motion for Ruling on Pending Motions [Doc. # 75] is DENIED AS MOOT. Vorcelia Oliphant's Motion for Leave to File Amicus Curiae Brief [Doc. # 80] and Motion for Leave to File a Reply [Doc. # 95] are DENIED AS MOOT. Plaintiff's Motion for a Status

Conference [Doc. # 70] is GRANTED, and the telephonic status conference scheduled for December 8, 2010 is hereby rescheduled for December 17, 2010 at 10:00 a.m., and counsel for the State of Connecticut Defendants shall initiate the call to chambers at 203–773–2456. Ms. Oliphant may be telephonically present at the status conference as if it were being held in open court.  Further scheduling will be considered at the conference.

                              IT IS SO ORDERED.

                              /s/

                              Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 3rd day of December, 2010.