UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Anthony Wayne Oliphant,<br>    *Plaintiff*,<br><br>        *v.*<br>Robert Villano, *et al.*,<br>    *Defendants*. | Civil No. 3:09cv862 (JBA)<br><br><br>September 6, 2011 |

RULING ON MOTIONS

Plaintiff Anthony Wayne Oliphant, currently incarcerated at Cheshire Correctional Institution, filed suit *pro se*[1] against New Haven police officers, Hamden police officers, and State of Connecticut Department of Corrections personnel, under the Fourth, Eighth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983 and for common–law assault and battery. Some of the Hamden police defendants, specifically Michael Sigmon, Joseph Venditto, Michael Narwocki, Ronald Glifort, Eric Goclowski, Robert O'Neil, and Darlene Passapera (collectively the "Hamden Defendants") move [Doc. # 113] to dismiss Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6), and Defendants Joyner, Davis, Howze, Smith, and Levy of the New Haven police (collectively the "New Haven Defendants")[2] move [Doc. # 115] for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). In response, Plaintiff moves [Doc. # 132] for leave to amend his complaint, which proposed amendment he says would "correct[] and remed[y] all []alleged[] deficiencies claimed by the Defendants." For the following reasons, Defendants' motions to dismiss and

---

[1] "A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Defendants Robert Villano, Mark Sheppard, William Onofrio, M. McNeil, Brian Murphy, James Dzurenda, Jeffrey McGill, Fred Levesque, Morris, Wayne Choinski, and Mumin do not move to dismiss.

for judgment on the pleadings will be granted in part and denied in part, and Plaintiff's motion to amend his complaint will be granted.[3]

I.     Hamden Defendants

   A.     Facts

The facts Plaintiff alleges are set out more fully in the Court's [Doc. # 17] Initial Review Order and Order on Pending Motions. Plaintiff's only allegations relating to the Hamden Defendants who move to dismiss are that they accompanied Hamden police Officer Villano to Plaintiff's home on September 25, 2006 after "Deedra Dixon told the Hamden–Police that [P]laintiff [was] attacking Rhonda M. Dixon, falsely" (Am. Compl. ¶¶ 35–37), and that later that evening, those Defendants returned again with Villano to Plaintiff's home, at which point Villano "severely kick[ed Plaintiff's] backdoor repeatedly over–and–over" causing "egregious damage to the inside doorframe of Plaintiff's backdoor" and yelled obscenities at Plaintiff (*Id.*¶¶ 40–44). During the first visit on September 25, 2006, "Plaintiff stay[ed] inside of his dwelling until both Hamden–Police and the Dixon family, who were making physical threats, with impunity, all had departed the area." (*Id.*

---

[3] Fed. R. Civ. P. 15(a) provides that "[t]he court should freely give leave when justice so requires," and "a Rule 15(a) motion [to amend a complaint] should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603 (2d Cir. 2005). Hamden and New Haven Defendants oppose Plaintiff's motion to amend on the basis that it contains nothing more than the deficient conclusory allegations of his original Complaint. However, Plaintiff has added new allegations that support his Fourth Amendment claims, discussed *infra*, such as that Villano caused extensive damage to his door frame. Thus, absent any prejudice aside from the late date of amendment, Plaintiff's [Doc. # 132] Motion to Amend is granted.

¶ 40.)  Plaintiff does not explain how the second police visit on September 25, which continued into the early morning on September 26, ended.

Plaintiff's only allegation as to Passapera is that when Plaintiff called 911 that night, Passapera, a Hamden police dispatcher, would not connect him to the New Haven Police Department, but on September 26, 2006, when he again called 911, Passapera did ultimately connect him to the New Haven Police.

B. Discussion[4]

*1. False Imprisonment*

Plaintiff claims that among others, the Hamden Defendants falsely imprisoned him in violation of the Fourth Amendment. In Connecticut, "false imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another."[5] *Russo v. City of Bridgeport*, 479 F.3d 196 at 204 (2d Cir. 2007) (quoting *Outlaw v. City of Meriden*, 43 Conn. App. 387, 392 (1996)). The restraint must be accomplished "through the exercise of force." *Berry v. Loiseau*, 223 Conn. 786, 820 (1992). A Section 1983 claim for false arrest or false imprisonment "rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures," *Weyan v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996), and "[a] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the

---

[4] To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] "Claims for false arrest . . . brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest . . . under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003).

circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave," *United States v. Mendenhall*, 446 U.S. 544, 554 (1980).

Plaintiff alleges that because Officer Villano, who accompanied the Hamden Defendants, kicked the back door of his house and screamed threatening profanities at him, he could not leave his house until after Villano left the premises, allegations which if true could state a claim for false imprisonment against Villano. The Hamden Defendants argue that Plaintiff does not allege that they personally restrained him in any way, and therefore, he has failed to state a false imprisonment or arrest claim against them. However, Plaintiff does allege that they were present while Villano was kicking and screaming, which is sufficient at this stage to plead failure to intervene. Police officers "have an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in their presence by other officers." *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988). "An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (internal citations omitted). Thus, Hamden Defendants' motion to dismiss Plaintiff's false imprisonment claim as to Michael Sigmon, Joseph Venditto, Michael Narwocki, Ronald Glifort, Eric Goclowski, Robert O'Neil is denied. However, there is no allegation that Passapera, a telephone dispatcher, had a "realistic opportunity to intervene to prevent the harm from occurring," a necessary showing for a failure to intervene claim, *see id.*, and therefore, Defendants' motion to dismiss Plaintiff's false imprisonment claim against Passapera is granted.

### 2. *Excessive Force*

Plaintiff also claims that the Hamden Defendants used excessive force against him in violation of the Fourth Amendment. The only physical force against Plaintiff is alleged to have occurred later during his detention on October 6, 2006 by non–moving Defendants Sheppard and Onofrio. Defendants' personal involvement in alleged constitutional deprivations is required under Section 1983. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). Because Plaintiff does not allege the presence of any of the Hamden Defendants during that confrontation, that encounter cannot give rise to an excessive force claim against them.

Construing Plaintiff's claim as related to Villano's "severely kick[ing]" and "egregiously damag[ing]" his doorframe as a claim of failure to intervene, the Hamden Defendants argue that such property damage does not amount to a constitutional violation. They rely on *Hudson v. Palmer*, in which the Supreme Court held that the deprivation of an inmate's property by a prison guard was not a Fourth Amendment violation, because he had meaningful post–deprivation remedies under state law. 468 U.S. 517 (1984). Defendants also point to *Andulan v. City of Seattle*, in which police serving a search warrant damaged property within the plaintiff's home, which was deemed not to constitute excessive force. No. C07–500RBL, 2008 WL 786628, *8 (W.D. Wash. Mar. 21, 2008). Here, unlike in *Hudson*, the Hamden Defendants do not claim that Plaintiff had available post–deprivation remedy for damage to his doorframe, and thus Plaintiff's allegations of egregiousness could be construed as alleging unreasonable or malicious property damage, which in the Second Circuit can give rise to an excessive force claim. *See, e.g., Pina v. City of Hartford*, No. 07cv657(JCH), 2009 WL 1231986, *8 (D. Conn. Apr. 29, 2009) ("'[I]t is well recognized that officers executing search warrants on occasion must damage property in order to perform

5

their duty,' . . . [and b]efore an officer can be liable for property damage resulting from a lawful search, the plaintiff must establish that the police acted unreasonably or maliciously in bringing about the damage.") (quoting *Cody v. Emllo*, 59 F.3d 13, 16 (2d Cir. 1995)). Therefore, Plaintiff has sufficiently pleaded a failure to intervene claim against Hamden Defendants for Villano's excessive force, *see Anderson*, 17 F.3d at 557,[6] and the Hamden Defendants' motion to Plaintiff's excessive force claims against Sigmon, Venditto, Narwocki, Glifort, Goclowski, and O'Neil is denied.  However, in the absence of any facts from which it can be inferred that Passapera had a reasonable opportunity to intervene, this claim is dismissed as to her.

### 3. *Due Process*

Plaintiff claims violations of his procedural due process rights by Hamden Defendants based on the same facts underpinning his Fourth Amendment claims. To succeed on a claim of procedural due process deprivation under the Fourteenth Amendment—that is, a lack of adequate notice and a meaningful opportunity to be heard—a plaintiff must first establish that state action deprived him of a protected property interest. *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).[7]  As Plaintiff does not allege that any of the

---

[6] Plaintiff also alleges Villano's yelling profane threats as examples of excessive force, but "[v]erbal harassment itself does not rise to the level of a constitutional violation." *Tafari v. McCarthy*, 714 F. Supp.2d 317, 364 (N.D.N.Y. 2010); *see also Ramriez v. Holmes*, 921 F. Supp. 204, 210 (S.D.N.Y. 1996) ("Allegations of threats or verbal harassment, without any injury or damage, do not state a claim under 42 U.S.C. § 1983.").

[7] Property interests that are protected by the Due Process Clause of the Fourteenth Amendment are not created by that amendment; they are defined by "existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) (cited in *Spinelli v. City of New York*, 579 F.3d 160, 168-69 (2d Cir. 2009)).

6

moving Hamden Defendants have deprived him of a property or liberty interest, his procedural due process claims against them are dismissed.

Plaintiff also claims violations of his substantive due process rights. State action is violative of substantive due process rights where it was "'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Okin v. Village of Cornwall–On–Hudson Police Dep't*, 577 F.3d 415, 431 (2009) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)). Conduct that is "intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Lewis*, 523 U.S. at 849. The unconstitutional conduct Plaintiff alleges by the moving Hamden Defendants is that they accompanied Villano to Plaintiff's house after Deedra Dixon's report of assault. These factual allegations do not set forth conduct that could shock the contemporary conscience, and Plaintiff's substantive due process claim against moving Hamden Defendants is dismissed.

### 4. *Equal Protection*

Plaintiff claims violations of the Equal Protection Clause of the Fourteenth Amendment, alleging that "Plaintiff at all times mentioned, herein, is an African–American and a member of a racial minority [w]ho was subjected to racial discrimination and was denied full equal benefits of the laws by defendants." (Am. Compl. ¶ 2.) This allegation is conclusory and does not contain any facts showing the facial plausibility of an equal protection claim, and Plaintiff's equal protection claim against Hamden Defendants is therefore dismissed.

7

### 5.     State Law Assault and Battery

Finally, Hamden Defendants move to dismiss Plaintiff's assault and battery claims. A civil assault is defined as "the intentional causing of imminent apprehension of harmful or offensive contact with another." *Dewitt v. John Hancock Mutual Life Ins. Co.*, 5 Conn. App. 590, 594 (1985). The Connecticut Supreme Court has held that "[a]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Alteiri v. Colasso*, 168 Conn. 329, 334 n.3 (1975). Plaintiff has not alleged facts from which it can be inferred that any Hamden Defendant intended to cause him imminent apprehension of harmful or offensive contact or that any Hamden Defendant came into physical contact with Plaintiff. Thus, his assault and battery claims against the Hamden Defendants are dismissed.

## II.    New Haven Defendants

### A.    Facts alleged

Plaintiff also sues Officers Joyner, Davis, Smith, and Levy in their individual and official capacities for violations of the Fourth and Fourteenth Amendments.[8] He alleges that late at night on September 26, 2006, with Rhonda Dixon, her three brothers, and Officer

---

[8] A Section 1983 suit against a municipal officer in his official capacity is considered a suit against the municipality itself, *Brandon v. Holt*, 469 U.S. 464 (1985), and therefore the officer may be held liable only if the municipality is liable for an unconstitutional "policy" or "custom" under the principles of *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690–91 (1978). *See Brandon*, 469 U.S. at 472–73. Because Plaintiff does not allege that New Haven Defendants acted pursuant to a policy or custom, his official–capacity claims are dismissed and the Court will only consider his claims against New Haven Defendants in their individual capacities.

Villano in his front yard, he called the New Haven Police and requested assistance, in response to which Officers Levy, Howze, and Smith arrived at approximately 11:45 p.m. (Compl. ¶¶ 46–51.) Plaintiff further alleges that Levy, Howze, and Smith then aided Officer Villano in towing Plaintiff's car. (*Id.* ¶¶ 54–55.) Plaintiff filed a "citizen–police complaint" with Officer Joyner on September 28, 2006 about this towing, which he says Joyner never processed. (*Id.* ¶ 56.) On September 29, 2006, he met with Officer Davis at the New Haven Department of Police Service, who he says took down information about a criminal complaint which Plaintiff sought to have brought against the Dixons and Officer Villano for trespass and threatening. Although Davis assigned Plaintiff's criminal complaint an investigation number, Plaintiff alleges that there was ultimately no investigation. (*Id.* ¶ 60.)

    B.    Discussion[9]

        1.    *Fourth Amendment False Arrest and Excessive Force*

Plaintiff does not allege that New Haven Defendants physically restrained him or used any force against him, nor does he describe any unconstitutional actions in which they could have intervened. Accordingly, Plaintiff's false arrest and excessive force claims against New Haven Defendants are dismissed.

        2.    *Procedural Due Process*

Plaintiff claims that the New Haven Defendants also violated his procedural due process rights, which the New Haven Defendants characterize as based on allegations that they failed to provide him with assistance during the altercation with the Dixons and Villano

---

[9] Motions for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) are analyzed in accordance with the same standard used for motions to dismiss for failure to state a claim, stated above. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

on September 26, 2006; that the Citizen–Police Complaint filed with Joyner was never investigated; and that the criminal complaint made to Davis against members of the Dixon family and Villano was never investigated. Plaintiff also alleges that the New Haven Defendants "assisted . . . Villano in 'conversion' of plaintiff's vehicle parked on his private property" by having it towed. (Compl. ¶¶ 54–55.)

Insofar as Plaintiff claims that the New Haven Defendants' failure to intervene during his altercation with the Dixons and Villano violated the Due Process Clause of the Fourteenth Amendment, "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't Soc. Servs.*, 489 U.S. 189, 195–96 (1989). An exception to this rule applies where "the officer in some way had assisted in creating or increasing the danger to the victim," which may implicate the victim's rights under the Due Process Clause. *Okin v. Village of Cornwall–On–Hudson Police Dep't*, 577 F.3d 415, 437 (2d Cir. 2009) (internal citations omitted). Plaintiff alleges no facts from which it can be inferred that New Haven Defendants increased or created any danger posed by the Dixons or Officer Villano.

As to Plaintiff's allegations that Officers Joyner and Davis failed to investigate his complaints, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," and therefore "lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *See In re Attorney Disciplinary Appeal*, No. 10-90018, ––– F.3d ––––, 2011 WL 2090822 (2d Cir. May 27, 2011) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

10

Plaintiff's allegations of failure to conduct criminal investigations therefore do not implicate violations of his Fourteenth Amendment rights.

However, Plaintiff's allegations that Officers Levy, Howze, and Smith helped Officer Villano illegally tow Plaintiff's car, depriving him of a property interest, without providing him an opportunity to be heard before or after, are sufficient at this stage to state a procedural due process Fourteenth Amendment claim. *See, e.g.*, *Perry v. McDonald*, 280 F.3d 159, 173–74 (2d Cir. 2001) (revocation of obscene vanity plates did not violate the plaintiff's procedural due process rights where she was given notice and afforded a post–revocation hearing, as "[t]he essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.'") (quoting *Mathews*, 424 U.S. at 348). Thus, New Haven Defendants' motion to dismiss is denied as to Plaintiff's allegations that Officers Levy, Howze, and Officer Smith helped Villano unlawfully tow his car.

### 3.   *Equal Protection*

The deficiencies in Plaintiff's equal protection claim against Hamden Defendants apply to his equal protection claim against New Haven Defendants as well. Although he proposes amending his complaint to allege that his car was towed from his property as "overt discrimination" and that such treatment is different "from others similarly situated" (Proposed Am. Compl. ¶¶ 56–57), Plaintiff does not allege any basis for inferring either a discriminatory intent or effect related to New Haven Defendants' actions, nor the existence of any comparators or how he was treated differently from them. He has therefore failed to state a claim under the Equal Protection Clause against New Haven Defendants.

*4.     Assault and Battery*

For the same reasons Plaintiff's assault and battery claims against the Hamden Defendants are dismissed, so too are his assault and battery claims against New Haven Defendants; Plaintiff does not allege any facts giving rise to an inference that New Haven Defendants exchanged threatening communications with him or came into physical contact with him.

III.    Conclusion

Accordingly, Hamden Defendants' [Doc. # 113] Motion to Dismiss is DENIED in part as to Plaintiff's false imprisonment and excessive force claims against Sigmon, Venditto, Narwocki, Glifort, Goclowski, and O'Neil and GRANTED as to all other claims again them and as to all claims against Officer Passapera; and New Haven Defendants' [Doc. # 115] Motion for Judgment on the Pleadings is DENIED in part, as to Plaintiff's Fourteenth Amendment procedural due process claims against Smith, Howze, and Levy and GRANTED as to all other claims.  Plaintiff's [Doc. # 132] Motion to Amend is GRANTED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 6th day of September, 2011.