UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| ANTHONY W. OLIPHANT, | : | |
| Plaintiff, | : | |
| | : | CIVIL CASE NO. |
| v. | : | 3:09-CV-00862 (VAB) |
| | : | |
| ROBERT VILLANO, ET AL., | : | |
| Defendants. | : | |

**RULING RE: MOTION TO RELIEF FROM JUDGMENT**

Anthony W. Oliphant ("Plaintiff") requests the Court to grant remedy and relief from the March 23, 2016 Judgment ("Judgment") issued by the United States Court of Appeals for the Second Circuit, which affirmed the March 12, 2014 Judgment issued by this Court following the jury trial of Mr. Oliphant's claims. Mot. for Relief from J., ECF No. 314. Robert Villano, Mark Sheppard, and William Onofrio (together "Defendants") oppose this motion. Defs. Obj., ECF No. 317. For the reasons outlined below, Mr. Oliphant's [314] Motion for Relief from Judgment is **DENIED**, and his [320] Motion for Status and Clarification is **DENIED AS MOOT**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 1, 1995, Mr. Oliphant was sentenced to fifteen years of imprisonment for "defraud[ing] a public community," which was to be suspended after seven years served with five subsequent years of probation. Am. Compl. ¶¶ 10-11, ECF No. 178. Defendants are police officers of the Hamden Police Department in the Town of Hamden, Connecticut. *Id.* at ¶ 2.[1]

During Mr. Oliphant's probation period, his ex-girlfriend, Rhonda Dixon, allegedly reported to the police that she had been "beat up" by Mr. Oliphant. *Id.* at ¶ 25. On October 6,

---

[1] Mr. Oliphant originally brought additional claims of unlawful seizure, deprivation of due process, and intentional infliction of emotional distress against of a number of additional defendants. Am. Compl. at ¶¶ 115-139. The Court dismissed most of those claims and terminated most of these Defendants at the summary judgment stage, *see* Order Re: Summ. J., ECF No. 212, leaving only Robert Villano, Mark Sheppard and Williams Onofrio as Defendants for purposes of the instant motion.

2006, Defendants arrested Mr. Oliphant outside his home in connection with Ms. Dixon's complaint. *Id*. at ¶¶ 73-89. According to Mr. Oliphant, Defendants used excessive force against him during this incident. *Id.* at ¶¶ 97-114. Mr. Oliphant was charged with eight offenses based on this encounter, *id*. at ¶ 93, and on October 26, 2007, Mr. Oliphant was sentenced to serve six and one half additional years in prison for having violated the terms of his probation. *Id*. at ¶¶ 94-95.

A jury trial was held in this matter from March 4, 2014 until March 7, 2014. Minute Entries, ECF Nos. 286-291. The jury entered a verdict for Defendants on Mr. Oliphant's claims of excessive force, battery and intentional infliction of emotional distress, and they found for Mr. Oliphant as to his assault claim against Defendant Villano. Jury Verdict, ECF No. 292. The jury awarded nominal damages of $1.00 and determined that he was not entitled to punitive damages on the second claim. *Id.* The Court entered judgment in accordance with the jury's verdict, *see* Judgment, ECF No. 297, and Mr. Oliphant promptly appealed to the Second Circuit on April 3, 2017, *see* Not. of Appeal, ECF No. 298. On March 23, 2016, the Second Circuit issued a mandate affirming the Court's judgment. Mandate of USCA, ECF No. 313.

On February 23, 2017, Mr. Oliphant filed this "Motion for Relief" from the Second Circuit's ruling, arguing that the judgment issued by the Court in accordance with the jury's verdict is "too inequitable . . . to stand in this matter, due to inadvertent error by the Court." Mot. for Relief, ECF No. 314.

## II. STANDARD OF REVIEW

Rule 60 of the Federal Rules of Civil Procedure provides that a district court, "[o]n motion and just terms... may relieve a party or its legal representative from a final judgment, order, or proceeding...." Fed. R. Civ. P. 60(b). Generally, "[i]t is well established . . . that a

'proper case' for Rule 60(b)(6) relief is only one of 'extraordinary circumstances,' or 'extreme hardship.'" *Harris v. United States*, 367 F.3d 74, 81 (quoting *United States v. Cirami,* 563 F.2d 26, 32 (2d Cir. 1977) (internal citations omitted)).

Nevertheless, "[w]hile the federal rules do permit the district court to 'relieve a party or a party's legal representative from a final judgment', *see* Fed. R. Civ. P. 60(b), this Circuit has repeatedly held that the docketing of a notice of appeal 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'" *Toliver v. Cty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (quoting *Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir. 1962)); *see also United States v. Habib*, 72 F.2d 271, 272 (2d Cir. 1934) (noting that, even following voluntary abandonment of appeal, "the District Court was without jurisdiction to reduce the sentences which had been appealed to this court").

### III. DISCUSSION

Mr. Oliphant filed this Rule 60 motion after he had already appealed the Court's judgment to the Second Circuit and after the Second Circuit issued a ruling affirming the judgment. Mot. for Relief, ECF No. 314. In support of this motion, he makes general references to claims of conspiracy racketeering, Racketeering Influence and the Corrupt Organization Act (RICO), denial of equal protection, denial of due process, excessive use of force, tort of assault and battery, and racial discrimination under the Americans with Disabilities Act (ADA). He does not provide any factual support for any of these claims, nor does he address the jurisdictional challenges associated with challenging Second Circuit action at the district court level after an appeal has already been filed. Mem. in Supp. Mot. for Relief, ECF No. 316.

Judgment has already been entered in this case and the case has been closed since March of 2014. Mr. Oliphant has already appealed the Court's judgment, and the judgment was

affirmed. Accordingly, the Court lacks jurisdiction to adjudicate Mr. Oliphant's claims and Mr. Oliphant's motion lacks any factual allegations that would otherwise support any recognizable form of relief. *See Toliver*, 957 F.2d at 434. Thus, the motion is denied, and this case will remain closed.

## IV. CONCLUSION

Mr. Oliphant's [314] Motion for Relief from Judgment is **DENIED**. Mr. Oliphant's recent [320] Motion for Status and Clarification regarding this motion for relief is **DENIED AS MOOT**.

**SO ORDERED** this 8th day of September, 2017, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE